UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO JENARO LUTZ,

       Petitioner,                                 Case No. 03-10258
                                                     Honorable David M. Lawson

v.

JOHN HEMINGWAY,

       Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Angelo Jenaro Lutz, presently confined at the Federal Correctional Institution in Petersburg, Virginia, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner alleges the violation of his constitutional rights arising from a prison disciplinary hearing where he was punished for attempting to introduce contraband into the Federal Correctional Institution at Milan, Michigan. The respondent maintains that the petition should be denied for failure to present a claim cognizable on habeas review or, alternatively, for lack of merit. The Court agrees that the claims presented are not cognizable on habeas review and otherwise lack merit. The petition will therefore be denied.

I.

The petitioner was sentenced on December 11, 2001 in the United States District Court for the Eastern District of Pennsylvania to a prison sentence of one hundred eight months for various federal offenses, including racketeering conspiracy, extortion, and illegal sports bookmaking. On direct appeal, the petitioner's conviction on one of the extortion counts was vacated on sufficiency of the evidence grounds, and the case was remanded for re-sentencing because his sentence was enhanced improperly on the premise that he had been involved in the conspiracy from its inception.

*United States v. Merlino*, 349 F.3d 144, 157-58 (3d Cir. 2003). Although the Court is unable to locate a record of the proceedings on remand, the petitioner has since been given a projected release date of August 12, 2008 by the Bureau of Prisons (B.O.P.). Prior to being transferred to the Federal Correction Institution in Petersburg, Virginia, the petitioner was incarcerated at the Federal Correction Institution in Milan, Michigan (F.C.I., Milan), a low security facility. It was at that facility that the events underlying the present petition took place.

On January 17, 2003, Officer Paul Sneed, while monitoring the mail at F.C.I., Milan, intercepted and inspected a sealed letter that had been sent by the petitioner in the prison's mail to someone outside the prison. The petitioner sent the letter apparently because he wanted to obtain a videotape of the "Philadelphia Mummers String Band Parade," which the petitioner hoped to use in conjunction with his duties as the music instructor in the F.C.I., Milan Recreation Department. In the letter, the petitioner wrote that he had "worked a way to get a tape of the parade" into F.C.I., Milan and asked the letter's addressee, identified only as "Joe," to obtain two videotapes and send them with a solicitation letter to the petitioner's job supervisor at F.C.I., Milan. Resp. Brf., Ex. 2, Letter at 1. The petitioner advised Joe to write a letter and make it appear that he was trying to sell the tapes and to mention a price. The petitioner informed Joe: "They can't be donated; you have to make it look like you want to introduce the [undecipherable] to the B.O.P. music program." *Ibid.* Officer Sneed filed an incident report charging the petitioner with the attempted introduction of contraband, which is considered a code 331A (moderate category) offense, and unauthorized use of the mail, a code 410 (low moderate) category offense.

Lieutenant D. Tanel investigated the allegations in Officer Sneed's report and interviewed the petitioner, another inmate, and the petitioner's supervisor, Recreation Specialist M. Cote. Cote

informed Lieutenant Tanel that he had told the petitioner that the prison could not accept donations and any tapes from the outside would not be allowed. Based upon his investigation, Lieutenant Tanel found that the charges were warranted and referred the incident to the Unit Discipline Committee (U.D.C.).

The U.D.C. held a disciplinary hearing at F.C.I., Milan on January 23, 2003. The hearing officer considered the letter that had been sent by the petitioner, Officer Sneed's incident report, and the statements from the petitioner and prison staff. The petitioner was found guilty as charged and was sanctioned with the loss of his job in the prison's recreational program, a thirty-day loss of commissary privileges, and a thirty day-loss of telephone privileges.

The petitioner appealed the U.D.C.'s decision to the prison warden, the B.O.P. Regional Office, and the Central Office for Inmate Appeals. All of his appeals have been denied. The petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. B.O.P. violation of 28 C.F.R. § 540.14.

II. Pursuant to 28 C.F.R. § 541.4 and Policy Statement, 5270.07 Chapter 5, no attempt was made to use informal resolution.

III. Central Office Response to Administrative Remedy No. 290491-A1 is without merit.

Petition at 5.

II.

The Court will address all of the petitioner's claims together because they are interrelated. They all raise challenges to the U.D.C.'s finding that the petitioner violated the B.O.P.'s regulations prohibiting the introduction of non-hazardous contraband into a federal prison and the unauthorized use of the mail. The petitioner also challenges the propriety of Officer Sneed's inspection of his

letter in the first instance and briefly asserts that he has been discriminated against based on his affiliation with the mafia.

The present petition is subject to dismissal for several reasons. First, to the extent that the petitioner is challenging the conditions of his confinement, a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is not the proper vehicle. Certainly, where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *Cook v. Hanberry,* 592 F. 2d 248, 249 (5th Cir. 1979). Complaints that involve only conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980). A state inmate therefore should bring a claim challenging the conditions of confinement under 42 U.S.C.§ 1983. *Austin v. Bell,* 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996). A federal inmate, like the petitioner, should bring such an action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

In the present case, any claim by the petitioner that prison officials have interfered or are interfering with his mail is a civil rights claim that is not cognizable on habeas review. *See Thomas v. Keohane,* 876 F. 2d 895; 1989 WL 63334, * 2 (6th Cir. June 14, 1989) (citing *Preiser*, 411 U.S. at 484); *Pryor v. Martin,* 2002 WL 31748915, * 1 (E.D. Mich. November 20, 2002). Likewise, an inmate cannot challenge the loss of non-custodial privileges by way of a habeas petition because the

-4-

loss of such privileges has only a "speculative or incidental effect" on the length of a prisoner's sentence and is not "close to the core of habeas corpus." *Homen v. Hasty,* 229 F. Supp. 2d 290, 295 (S.D.N.Y. 2002) (holding not cognizable on habeas review a claim for loss of visitation, telephone, and commissary privileges). Therefore, the petitioner's loss of telephone and commissary privileges in his prison disciplinary proceeding cannot be challenged in a petition for writ of habeas corpus. *Ibid.* For the same reasons, the loss of his prison job is also a condition of confinement that cannot be challenged in a habeas corpus proceeding. *See e.g. Mercer v. U.S. Medical Center for Federal Prisoners,* 312 F. Supp. 1077, 1079 (W.D. Mo. 1970) (claim that federal prisoner was denied an opportunity to earn money by working in prison industry or to participate in vocational training program did not entitle him to habeas relief).

Second, the petitioner has failed to show that the prison disciplinary hearing violated his constitutional rights. As an initial matter, it is unclear whether the petitioner has any right to due process in any prison disciplinary proceeding that results in sanctions less serious than the loss of good time credits or disciplinary segregation. In *Wolff v. McDonnell,* 418 U.S. 539, 572 n.19 (1974), the Supreme Court declined to state that the minimum due process procedures that it had outlined for the loss of good time credits in *Wolff* would also be required for the imposition of "lesser penalties such as the loss of privileges." *See also Baxter v. Palmigiano*, 425 U.S. 308, 323 (1976) (accord). The Supreme Court has held subsequently that a disciplinary regulation does not implicate a protected liberty interest unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Because the only sanctions that the petitioner received here were the loss of privileges, it

is doubtful that he was entitled to any due process procedures with respect to the U.D.C. hearing. *See Bazzetta v. McGinnis*, 430 F.3d 795, 802-05 (6th Cir. 2005).

But even if such due process procedural guarantees apply, they were satisfied in this case because there was sufficient evidence from which the petitioner could have been found guilty of violating B.O.P. policies prohibiting the attempt to introduce non-hazardous contraband and the unauthorized use of the mail. The Sixth Circuit holds that "[n]ot much evidence is required to support the action of a prison disciplinary board." *Williams v. Bass,* 63 F. 3d 483, 486 (6th Cir. 1995). "'Some evidence' is all that is needed" to support a prison disciplinary board's decision. *Ibid.* (quoting *Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445, 455 (1985)). In determining whether a decision of a prison disciplinary board is supported by the requisite quantum of evidence, a federal court is "not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence." *Ibid.* (citing *Hill,* 472 U.S. at 455). "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56 (emphasis added).

In the present case, there was ample evidence to support the U.D.C.'s decision to find the petitioner guilty of attempting to introduce non-hazardous contraband and unauthorized use of the mail. Recreation Specialist M. Cote informed Lieutenant Tanel that he had told the petitioner that the prison could not accept donations and any videotapes sent from the outside would not be allowed into the prison. Officer Sneed intercepted a letter written by the petitioner to an outside person proposing a scheme to introduce these tapes into F.C.I., Milan by means of a fraudulent solicitation to the recreation specialist in a way that would conceal the petitioner's involvement in the attempt.

The letter was signed by the petitioner and amounted to the veritable "smoking gun." Because the U.D.C.'s finding was supported by evidence, the petitioner's due process rights, if indeed he had any, were not violated.

As a related claim, the petitioner contends that disciplinary action was unwarranted in this case because his outgoing mail "should not have been opened or subjected to mail monitoring" in the first instance. Brf. in Supp. at 1. His argument is premised on the fact that F.C.I., Milan is a low security facility. Section 540.14(c)(1)(i) of Title 28 of the Code of Federal Regulations provides that prison staff in a low security facility may open a sentenced inmate's outgoing mail or correspondence "[i]f there is a reason to believe that it would interfere with the orderly running of the institution, that it would be threatening to the recipient, or that it would facilitate criminal activity." Because 28 C.F.R § 540.14(c)(1)(i) involves outgoing prisoner mail, the "inspection policy must 'further an important or substantial government interest unrelated to the suppression of expression,' and must not limit First Amendment freedoms 'greater than is necessary or essential to the protection of the particular governmental interest involved.'" *Bell-Bey v. Williams,* 87 F. 3d 832, 838 (6th Cir. 1996) (quoting *Procunier v. Martinez,* 416 U.S. 396, 413 (1974)). However, this rule "does not require a 'least restrictive alternative' analysis of the prison regulation." *Ibid.* (quoting *Thornburgh v. Abbott,* 490 U.S. 401, 410 (1989)).

In *Altizer v. Deeds,* 191 F. 3d 540, 547-48 (4th Cir. 1999), the Fourth Circuit held that the random opening and inspection of outgoing prisoner mail was reasonably related to legitimate penal interests and therefore did not violate the First Amendment. In so ruling, the Fourth Circuit found that implicit in the Supreme Court's ruling in *Procunier*, namely, that some kinds of outgoing prisoner mail could be censored, is the idea that inmates' outgoing mail may be opened or inspected.

If outgoing mail could never be inspected, a prison official would be unable to know whether the inmate's letter or correspondence contained the very type of material the Supreme Court has held could be censored, described in 28 C.F.R. § 540.14(c)(1)(i), quoted above. The Fourth Circuit noted that the Supreme Court seemed to suggest as much when it noted that "the freedom from censorship is not equivalent to freedom from inspection or perusal." *Ibid.* (quoting *Wolff*, 418 U.S. at 576). In addition, the Sixth Circuit has held that the B.O.P.'s prior mail regulations found in 28 C.F.R. § 540.13, which are similar to the current regulations and likewise authorized prison staff at low security facilities to read incoming prisoner mail, did not violate the inmates' constitutional rights. *See Meadows v. Hopkins,* 713 F. 2d 206, 210-11 (6th Cir. 1983).

Based on this authority, the Court probably would find that the opening and inspection of the petitioner's outgoing mail did not violate the petitioner's constitutional rights. However, if the petitioner wishes to pursue this claim he must file a *Bivens* action because this claim is not cognizable on habeas review.

Finally, the petitioner briefly argues that he is being treated differently than other inmates because of the government's belief that "he is an associate of La Cosa Nostra," or the Italian mafia. Brf. in Supp. at 3. On this arbitrary basis, the petitioner claims to have been denied phone privileges and subjected to random room searches in the wee hours of the morning. Again, a habeas petition is not the proper vehicle to mount this attack. Moreover, even if the Court were to entertain this claim, it is apparent that it lacks merit. Although the Equal Protection Clause of the Fourteenth Amendment does not apply directly to the federal government, the actions of the federal government are judged under the same standards applicable to state actions challenged under that clause. *See Richardson v. Belcher*, 404 U.S. 78, 81 (1971). Under those standards, the government is required

to show only a rational basis for its actions unless the actions involve a suspect classification or a fundamental right. *See Clements v. Fashing*, 457 U.S. 957, 963 (1982). Other than in conclusory terms, the petitioner offers no evidence that he has been treated differently than other inmates, nor has he identified the deprivation of a fundamental right or established that he is a member of a protected class.

### III.

The Court finds that the petitioner's claims are not cognizable on habeas review and otherwise lack merit.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

                                                 s/David M. Lawson  
                                                 DAVID M. LAWSON  
                                                 United States District Judge

Dated: March 5, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 5, 2007.

                        s/Felicia M. Moses  
                        FELICIA M. MOSES